RichaudsoN, J.
delivered the opinion of the Corn t.
As this case is to go back for a new trial, which should be without any prejudice to the questions that may arise, the Court will decide no more than is necessary for that purpose.
The legal objection is, to the following part of the Judge’s charge to the jury, to wit: “As to Carruth’s possession and use, there was great uncertainty; still I thought, and so said *227 to the jury, that it had been sufficiently shewn that he had exercised for twenty successive years, without interruption, the right of flooding the plaintifls’s land, and that therefore the prescriptive right was established, and would defeat the plaintiffs’s action, had it not been, that at least from ’26 to ’34, a period of 8 years, the dam was down, and for that period, that Parkins, his wife and children, had cleared and cultivated the land, and thus ended the easement by setting up an adverse use of their own soil for a period of time which would have barred any action which the defendant or those under whom he claimed, could have brought to assert the right by prescription. Hence I came to the conclusion, and so said ¡to the jury, that the prescriptive right in Carruth was extinguished, when Patterson in ’34 rebuilt the dam. Since then there could be no prescription.”
The question for the Court is whether the defendant Dun-ham, or those under whom he held title, had, by the disuse of their prescriptive right for the space of eight years, and by the plaintiffs’s cultivation of their land during the same time, lost, abandoned, or been in any way deprived, according to law, of such prescriptive right.
In deciding this question, we may assume that the pre-scrintive right, usually called an easement or servitude, being once perfected by grant, or prescriptive use, is attached to the inheritance, and passes to all purchasers of the freehold. The objections to the particular prescriptive right claimed by Dunham, consist in its disuse for eight years, and the actual cultivation of the plaintiffs’s land, over which his easement extended, for the same time. We are therefore to consider, 1. could the statute of limitations have afforded any bar to the easement? It surely could not. The right or easement consists in an incorporeal hereditament, intangible, and could not be in the possession of the plaintiffs. The cultivation of their own land was a right exclusively in themselves, which the prescriptive right of Dunham could neither diminish nor enlarge. These two rights are consistent, and independent of each other; the one to cultivate, the other to overflow, the plaintiff’s land. The latter might practically diminish the profits of the former; but could not destroy the right or prevent the use. The cultivation, therefore, of the land was no interruption of the easement, any more than the use of the easement could interrupt the right of the land, or its use. In a word, the plaintiffs’s land was held subject to the easement, as its incident; and the easement was consistent with the cultivation of the land.
How then could the lawful cultivation of the land without the easement, be construed the possession of the easement? We can see in the fact nothing but the suspension of the use of the easement. We have therefore to resort to a very dif *228 ferent principie of law to deprive the defendant of his ease-_ ment, for example, express grant; or long disuse, which may ' presuppose such grant, or an abandonment by the defendant the easement. But none of these appear from the evidence, unless it be from the disuse of the easement, for eight years. But this of itself is entirely too short a time to presuppose either an implied grant of the defendant, or a wilful abandonment.
3 Camp. 514.
10 Pick. 210. p. 81.
3d vol. 448.
2 McC. 452 River's v. ’ Lawton.
2 Wash R 106; Mun.429; ^Mooliv1’ Kowson, io Com. L. R. 216- mvlass ’ 289. 13 Mass. 120; 3 Kent, 448.
Iam unaware of any fixed time by the law, for supposing the abandonment of such a right; though, by analogy, it may be supposed to be 20 years or more. In White v. Crawford the Judges say “as to the loss of the right by non user &c., we are not aware of any rule or principle.” Went. 275, says, “The precise period requisite to extinguish the right of way by non-user does not appear to have been settled by the English Courts.” But in Emerson v. Wiley, the Judges say, “A right of way is not lost by non user for less than 20 years.” See Angel on water courses, for the same negative doctrine. And the appellant’s counsel noticed, that by the civil law, 20 years non-user was fixed for the loss of a prodial servitude, as well as for its original acquisition. On this head see also 23 Pick. 216-17; Mass. 289. Chancellor Kent says, “The mere non-user of an easement for 20 years will afford presumption of a release or extinguishment,” &c. “ There must” he says “ be a total cessation of the right, &c for 20 years, or a permanent obstacle permitted to be raised for that time.” I would not venture therefore to fix any time f°r proving, by a non-user, the abandonment of such an easement. But it would appear to be always for the consideration of the jury, as a question of fact and intention. And assuredly legal rights once vested, ought to be divested to law. Doubtless, the party claiming the prescriptive right, may shew by his acts, an abandonment in a shorter time- But it is a question of intention, for the jury. Returning now more strictly to the case before the Court— it would seem, to have afforded but little more than the ques-^011> whether the defendant had abandoned his right in the easement; which would of course have been a question of intention, proper for the determination of the jury. And on ground alone, a new trial is ordered.
Evans, J. — Wardlaw, J. — Frost, J. — and Withers, J. concurred.
O’Neall, J. absent at the argument.

Motion granted.